UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
COVINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff/Respondent, ) | No. 2:11-CR-6-DLB-HAI-1 |
| ) | |
| v. ) | |
| ) | RECOMMENDED DISPOSITION |
| JIN KIM, ) | |
| ) | |
| Defendant/Movant. ) | |
| ) | |
| ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

By order filed June 29, 2016, the Court ordered Defendant Jin Kim to show cause why his petition should not be dismissed as time-barred. D.E. 29. His deadline to do so expired on July 25, 2016. *Id*. at 3. Kim has filed no response. The previous order explained the posture of this case as follows:

> In a motion docketed on June 28, 2016, Defendant Jin Kim, proceeding *pro se*, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. D.E. 27. Defendant alleges that his counsel was ineffective under *Padilla v. Kentucky*, 559 U.S. 356 (2010), for failing to inform him that his guilty plea would lead to his deportation. D.E. 27 at 1. The Court notes that Defendant's plea agreement states that he potentially faces "[r]emoval or other immigration consequences," but "Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his plea may entail, even if the consequence is his removal from the United States." D.E. 24 at 4 ¶ 9.
> 
> The matter was assigned to the undersigned in accordance with Rule 4 of the Rules Governing Section 2255 Cases for the purposes of conducting a preliminary review. *See* Rules Governing Section 2255 Cases, Rule 4. Having reviewed the motion in detail, it plainly appears that the motion is time barred.
> 
> A one-year period of limitation applies to motions filed under 28 U.S.C. § 2255. 28 U.S.C. § 2255(f). The statute provides that the limitation period begins to run from the latest of four specified dates, only one of which is relevant here: "the date on which the judgment of conviction becomes final." § 2255(f)(1). On September 16, 2011, District Judge Bunning entered a Judgment

> (D.E. 25) against Defendant following his guilty plea (D.E. 24).  Defendant states that he did not appeal his conviction to the Sixth Circuit Court of Appeals.  D.E. 27 at 4.  Absent an appeal to the Sixth Circuit Court of Appeals, "the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed." *Sanchez-Castello v. United States,* 358 F.3d 424, 427 (6th Cir. 2004).  Therefore, Defendant's conviction became "final" for purposes of § 2255(f)(1) on September 30, 2011, fourteen days after the Judgment was entered.  *See* Fed. R. App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal.").  Thus, Defendant was required to file his motion on or before September 30, 2012.  Defendant did not file his Motion until June 2016, over three years and eight months after the one-year limitation period expired.  It is therefore untimely and subject to dismissal.
>
> Before dismissing a matter on its own initiative, however, the Court "must accord the parties fair notice and an opportunity to present their positions."  *Day v. McDonough*, 547 U.S. 198, 210 (2006); *see also Shelton v. United States*, 800 F.3d 292, 294 (6th Cir. 2015); *Acosta v. Artuz*, 221 F.3d 117, 124 (2d Cir. 2000) ("The long-standing general rule is that a court may not dismiss an action without providing the adversely affected party with notice and an opportunity to be heard.").  Defendant responded to the question on the § 2255 form regarding timeliness, but his response does not explain why he believes the one-year statute of limitations does not bar his motion.  D.E. 27 at 14.  The Court will give him another opportunity to do so.

D.E. 29 at 1-2.

Kim did not seize this opportunity.  Because it plainly appears that Kim's § 2255 petition is barred by the statute of limitations, the undersigned **RECOMMENDS** that it be **DISMISSED** as time-barred.

The undersigned further **RECOMMENDS** that no Certificate of Appealability issue.  *See* 28 U.S.C. § 2253(c)(2).  When a case is dismissed on procedural grounds, a Certificate may only issue if the movant can show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, Kim's failure to comply with the statute of limitations is

unambiguous. Because he offers no reason why 28 U.S.C. § 2255(f)(1) should not apply in his case, the untimeliness of his petition is not debatable.

Any objection to, or argument against, dismissal must be asserted properly and in response to this Recommended Disposition. The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 2nd day of August, 2016.

Signed By:
Hanly A. Ingram
United States Magistrate Judge